Cheves, J.
delivered the opinion of the Court.
I will consider the second question first. And clearly, it was not necessary on the part of the plaintiff, to sell the whole or any part of the goods, to entitle him to a verdict. It was only necessary for him to prove the quantum of damage, the cause of it, and that the cause was one for which the defendant was responsible. A sale sometimes serves the purpose of fixing the extent of the damage, but any other sufficient testimony will serve the purpose, and is sometimes better evidence on the point. The case will often happen, in which the possessor would not part with the damaged article for any sum of money; and because it was thus inestimable, would he have no remedy for an injury which it had sustained by negligence or want of skill in the transportation of it ? Suppose the articles shipped, were pieces of extraordinary value in the fine arts, for example, exquisite paintings — would the possessor be obliged to bring them to the vendue master’s hammer, before he could recover ? But the point is very clear, and need not be enlarged upon. The ground of misdirection will, therefore, entitle the plaintiff to a new trial, unless the Court can see *313 Very clearly that the verdict ought to have been for the defendant on other grounds.
King, for the motion.
. The only other question is, whether the evidence justified the verdict: but whether it did or not, we need not determine. It is enough that we cannot see clearly, that, if the charge had been correct, the Jury, notwithstanding, ought to have found the same verdict. We give no opinion on the evidence, but on the ground of misdirection
The Court is unanimously of opinion, a new trial ought to be granted.